## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

IN RE:
**David Manuele Cultrera**

                                                      **Chapter  7**

                **Debtor**

                                                      **Case No.  03-22323**

---

**David Manuele Cultrera**              )

                **Plaintiff**           )

        v.                              )

**People's Bank, Gary Joseph Greene,**  )
**Gary Joseph Greene P.C., and Mercantile** )
**Adjustment Bureau, LLC**              )

                **Defendants**          )

                                        )

**Adversary Proceeding**

**No. 06-2042**

---

APPEARANCES:

Houston Putnam Lowry, Esq.
Brown & Welsh, P.C., 530 Preston Avenue,  P.O. Box 183,  Meriden, CT 06450-0183
Counsel for Plaintiff-Debtor

Marc S. Edrich, Esq. and Melicent B Thompson, Esq.
Litchfield Cavo LLP, 40 Tower Lane, Suite 200, Avon, CT 06001
Counsel for Defendants Gary Joseph Greene and Gary Joseph Greene P.C.

---

## RULING GRANTING MOTION TO DISMISS AMENDED COMPLAINT AS TO

## DEFENDANTS GARY JOSEPH GREENE AND GARY JOSEPH GREENE P.C

KRECHEVSKY, U.S.B.J.

I.

David Manuele Cultrera ("the debtor") received a discharge in his Chapter 7

bankruptcy case on October 28, 2003 and his case was closed.  The debtor, following

the reopening of the case, filed, on May 24, 2006, the above-captioned adversary

proceeding. Presently before the court is the motion of defendants Gary Joseph Greene, and Gary Joseph Greene P.C. (together "Greene") to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012, as to them for "failure to state a claim upon which relief can be granted."

## II.

### BACKGROUND

The complaint alleges that People's Bank ("People's"), on May 22, 2003, obtained a state-court judgment against the debtor in the amount of $2,943.79. The debtor, on July 24, 2003, filed his Chapter 7 petition, in which he listed People's in Schedule F as an unsecured creditor. The clerk's office sent notice to People's, on July 31, 2003, of the debtor's bankruptcy and, on October 30, 2003, of his discharge. People's hired Mercantile Adjustment Bureau, LLC ("Mercantile") to collect on the debt. Mercantile, acting through Greene, its attorney, on or about February 14, 2004, applied for a bank execution based on the judgment, and, on or about March 8, 2004, executed against the debtor's bank account. The debtor filed an amended complaint on October 18, 2006 ("the amended complaint") as to which the parties agree the motion to dismiss applies.

The debtor seeks to recover damages under three counts[1]. The first count asks that Greene be held in contempt for violation of the bankruptcy discharge injunction of 11 U.S.C. §524(a), which states, in relevant part:

---

[1]  The parties have stipulated, and the court has ruled, that this proceeding is a core proceeding.

2

> A discharge in a case under this title--
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged ... [and]
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor ....

The second count asserts that Greene's actions constituted an abuse of process. The third count asserts that the actions of Greene "constituted a false, deceptive or misleading attempt to collect a debt within the meaning of [the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.]" and were thus "an unfair trade or practice within the meaning of Connecticut General Statutes §42-110b(a)," the Connecticut Unfair Trade Practices Act ("CUTPA").

The debtor seeks, under all three counts, to recover compensatory damages, punitive damages, costs, reasonable attorney's fees, an order holding Greene in contempt, and an injunction prohibiting future complained of conduct.

Greene, on September 18, 2006, filed a motion to dismiss the complaint as to them, contending that (1) the complaint fails to allege that they knowingly violated the discharge injunction; (2) that the bank execution was for the purpose for which it was designed, i.e., collection of a debt, and was therefore not an abuse of process; and (3) that the debtor fails to allege any conduct by Greene that would be construed as violative of CUTPA. The debtor objected to Greene's motion and the court, on December 20, 2006, held a hearing on the motion to dismiss the amended complaint.

3

## III.

## DISCUSSION

### A.  Standards Applicable to Motion to Dismiss

In considering a motion to dismiss, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim, the court "must construe any well-pleaded factual allegations in the complaint in favor of the plaintiff."  Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). "In assessing the sufficiency of the complaint, we must accept the allegations contained therein as true and draw all reasonable inferences therefrom in favor of the plaintiff." Gryl v. Shire Pharmaceuticals Group PLC, 298 F.3d 136, 140 (2d Cir. 2002).  "To survive a motion to dismiss, however, the complaint must allege facts which, assumed to be true, confer a judicially cognizable right of action. Thus, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" York v. Ass'n of the Bar, 286 F.3d 122, 125 (2d Cir. 2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).  "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir.2000).

### B.  First Count - Violation of Discharge Injunction

"Willful violation of the injunction imposed by §524(a)(2) will warrant a finding of civil contempt.  However, to find one in civil contempt of the §524(a)(2) injunction, the burden rests with the movant to show ... that the offending ... entity had knowledge of the discharge and willfully violated it by continuing with the activity complained of." Waswick v. Stutsman County Bank, 212 B.R. 350, 352 (Bankr. D.N.D. 1997).  The

4

complaint alleges that notice of the bankruptcy and discharge were sent only to People's. However, to be held in contempt of the discharge injunction, Greene must have had actual or constructive knowledge of the discharge. People's knowledge of the debtor's bankruptcy and discharge is not imputed to Greene. Id. (holding that creditor's knowledge of bankruptcy was not imputed to its attorney).

Because the complaint fails to allege that Greene knew of the debtor's discharge, the court grants the motion as to the first count. The court notes that the debtor filed his amended complaint after Greene filed the motion to dismiss.

### C. Second Count - Abuse of Process

The Second Circuit Court of Appeals has held that state law tort claims, including those for abuse of process, based upon violations of the automatic stay are preempted by the Bankruptcy Code. Eastern Equipment and Services Corp. v. Factory Point Nat'l Bank, 236 F.3d 117 (2d Cir. 2001). The court stated:

> The United States Bankruptcy Code provides a comprehensive system of penalties and protections to govern the orderly conduct of debtors' affairs and creditors' rights. And it provides for an automatic stay of state proceedings against the debtor. In this case, the question is whether damages may be sought under state law ... for alleged violations of the automatic stay provision of the Bankruptcy Code. Courts that have examined this issue have held that the federal Bankruptcy Code preempts any state law claims for a violation of the automatic stay.

Id. at 120-21.

The court concludes that the Bankruptcy Code similarly precludes the debtor from asserting a claim for abuse of process where the only conduct complained of is that Greene violated the discharge injunction. The second count is dismissed.

5

### D. Third Count - CUTPA

Under the analysis set forth in Part III.C, **supra**, the court concludes that the debtor's claim for damages under CUTPA, Conn. Gen. Stat. §42-110a et seq., premised upon a violation of the discharge injunction, is likewise preempted by the Bankruptcy Code.

### IV.

### CONCLUSION

In accordance with the forgoing discussion, the court concludes that Greene's motion to dismiss the amended complaint be granted and judgment will enter dismissing the complaint as to Greene. It is

SO ORDERED.

Dated at Hartford, Connecticut this 1ᵗ̲ʰ day of January, 2007.


_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE