# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

IN RE:
**DAVID MANUELE CULTRERA**                          Chapter  7

**Debtor**                                           Case No.  03-22323

---

David Manuele Cultrera                     )
                                           )          **Adversary Proceeding**
**Plaintiff**                              )
                                           )          No. 06-2042
                                           )
v.                                         )
                                           )
People's Bank, Gary J. Greene,             )
Gary Joseph Greene P.C., and               )
Mercantile Adjustment Bureau, LLC          )
                                           )
**Defendants**                             )
                                           )

---

<u>APPEARANCES</u>:

Houston Putnam Lowry, Esq.
Brown & Welsh, P.C.,  530 Preston Avenue, P.O. Box 183, Meriden, CT 06450-0183
Counsel for Plaintiff-Debtor

Gary J. Greene, Esq.
Gary Joseph Greene P.C., P.O. Box 408, 30 Avon Meadow Lane, Avon, CT 06001
Counsel for Defendants Gary J. Greene and Gary Joseph Greene P.C.

---

## RULING DENYING MOTION FOR SANCTIONS

KRECHEVSKY, U.S.B.J.

### I.

### ISSUE

The matter before the court is a motion for sanctions, filed on February 26,
2007, to be assessed against David Manuele Cultrera ("the plaintiff") and his attorney
Houston Putnam Lowry, Esq. ("the respondent"). The movants Gary Joseph Greene,
Esq. and Gary Joseph Greene, P.C. (together "Greene") rely on Fed. R. Bankr. P. 9011,

28 U.S.C. §1927 and 11 U.S.C. §105(a) for the requested relief.  The respondent filed an objection to the motion and the court held an evidentiary hearing on April 24, 2007, following which the parties[1] filed memoranda.

## II.

## BACKGROUND

The plaintiff, through the respondent, filed an amended complaint on October 18, 2006 against Greene, People's Bank ("the Bank"), and Mercantile Adjustment Bureau, LLC ("Mercantile") seeking damages for state law abuse of process, and violation of the bankruptcy discharge injunction by seeking an execution against the plaintiff's bank account for a discharged debt.  The amended complaint alleged the Bank, on May 22, 2003, obtained a state-court judgment against the plaintiff of $2,943.79;  that the plaintiff, on July 24, 2003, filed a Chapter 7 petition listing the Bank as a creditor; that notice of such bankruptcy filing was sent to the Bank; that the Bank had hired Mercantile to collect on the debt; and that Mercantile, acting through Greene, on or about March 8, 2004, executed against the plaintiff's bank account.

This court, on January 16, 2007, granted Greene's motion to dismiss the amended complaint as to him because it failed "to allege that Greene knew of the [plaintiff's] discharge" and because the Bankruptcy Code preempts "state law tort claims, including those for abuse of process, based upon violations of the automatic stay." Cultrera v. People's Bank (In re Cultrera), 360 B.R. 28, 31-32 (Bankr. D.Conn. Jan. 16, 2007).

The motion asserts the amended complaint violated Fed. R. Bankr. P. 9011

---

[1]  At the hearing, Greene withdrew the motion as to the plaintiff.

because it contained claims not warranted by existing law or subject to an argument for modification or reversal of existing law ( ¶ 6); that the bringing of the complaint was unreasonable and vexatious and violates 28 U.S.C. §1927 (¶ 10); and that the respondent's actions were sanctionable under the court's "inherent powers" pursuant to 11 U.S.C. §105(a) (¶ 11).

### III.

### DISCUSSION

### A.

Greene argues that the respondent should have known (1) that the Fair Debt Collection Practices Act ("FDCPA") claim, in the original complaint, was barred by its statute of limitations;  (2)  that state-law tort claims arising out of actions taken in violation of the discharge injunction were pre-empted by the Bankruptcy Code;  and (3) that an allegation that Greene knew of the plaintiff's bankruptcy discharge was an essential element of a claim for violation of the discharge injunction.

### B.

### Fed. R. Bankr. P. 9011

Rule 9011, as amended in 1997 to conform to the 1993 changes to Fed. R. Civ. P. 11, includes specific procedural safeguards, referred to as the "safe harbor" provisions, applicable to the filing of a motion for sanctions thereunder, as follows (emphasis added):

> (c) Sanctions
> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

3

(1) How initiated
(A) By motion

A motion for sanctions under this rule shall be made <u>separately from other motions</u> or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions <u>may not be filed</u> with or presented to the court <u>unless, within 21 days after service of the motion</u> (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is <u>not withdrawn or</u> appropriately <u>corrected</u>, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Greene does not claim to have served respondents with the present motion prior to filing it with the court. Rather, the motion alleges, contrary to the requirement of a separate motion, that "[m]ovant's motion to dismiss satisfies the requirement of Rule 9011(c)(1)" and that such motion was filed more than 21 days prior to filing the motion for sanctions. Greene's contention is contrary to both the plain language of the rule and to the decisional law in this Circuit. See <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1327-29 (2d Cir. 1995) (reversing district court's imposition of sanctions under corresponding provision of Fed. R. Civ. P. 11(c)(1)(A) where movant provided no evidence indicating it had served respondent with the motion for sanctions at least 21 days prior to filing it with the court); <u>See also</u> <u>In re Galgano</u>, 358 B.R. 90 (Bankr. S.D.N.Y. 2007) (denying sanctions under Rule 9011 for failure to serve respondent with motion for sanctions at least 21 days before filing); <u>Obuchowski v. Poulin Grain, Inc.</u> (<u>In re Stevens</u>), 2001 WL 34093946 (Bankr. D.Vt. 2001) (same).

4

As the Advisory Committee Note to the 1993 amendment[2] indicates, the safe harbor period begins to run only upon service of the proposed Rule 11 motion upon the party against whom sanctions are sought. Thus, several courts have held that informal notice of a potential violation is insufficient to trigger the beginning of the twenty-one day safe harbor period....

5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1337.2 (3d ed. 2004) (footnotes omitted).

Further, "service of a sanctions motion after the district court has dismissed the claim ... prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected. Similarly, a motion served after the voluntary dismissal of a claim ... does not enable compliance with the safe harbor provision." <u>Id.</u> (footnotes omitted).

The court concludes that Greene's request for sanctions under Fed. R. Bankr. P. 9011 fails to comply with the safe harbor provisions thereof, and must therefore be denied.

### C.   28 U.S.C. §1927

An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. §1927. "A bankruptcy court may impose sanctions pursuant to 28 U.S.C. §1927 if it finds that an attorney's actions are so completely without merit as to require the

---

[2] The Advisory Committee Note to the 1997 amendments to Fed. R. Bankr. P. 9011 states:

This rule is amended to conform to the 1993 changes to Fed. R. Civ. P. 11. For an explanantion of these amendments, see the advisory committee note to the 1993 amendments to Fed. R. Civ. P. 11.

conclusion that they must have been undertaken for some improper purpose such as delay." <u>Baker v. Latham Sparrowbush Assoc.</u>, 931 F.2d 222, 230 (2d Cir. 1991) (internal quotation marks and citations omitted). "Sanctions may be imposed, however, only when there is a finding of conduct constituting or akin to bad faith." <u>In re 60 East 80th Street Equities, Inc.</u>, 218 F.3d 109 (2d Cir. 2000) (internal quotation marks and citations omitted).

The evidence presented does not support a finding of conduct constituting or akin to bad faith on the part of the respondent concerning the matters asserted by Greene as grounds for his motion for sanctions. <u>See</u> <u>supra</u> Part III.A. The respondent withdrew the time-barred FDCPA within a day of being granted leave to amend the complaint and before the court's consideration of the movant's motion to dismiss the amended complaint. Nor were the state-law tort claims necessarily frivolous. In concluding that the Bankruptcy Code pre-empted state-law tort claims arising out of actions taken in violation of the discharge injunction, the court extended the reasoning applied by the Second Circuit in a proceeding concerning a violation of the automatic stay. <u>See</u> <u>Eastern Equipment and Services Corp. v. Factory Point Nat'l Bank</u>, 236 F.3d 117 (2d Cir. 2001). In regard to naming Greene as defendant(s), sanctions are not appropriate for improperly naming a party as a defendant where the plaintiff's uncertainty as to the proper party was "reasonably related to the manner in which the defendants conducted themselves." <u>Metropolitan Air Service, Inc. v. Penberthy Aircraft Leasing Co.</u>, 648 F.Supp. 1153 (S.D.N.Y. 1986). It was not unreasonable for the respondent to presume that Greene was the attorney for People's Bank and Mercantile Adjustment Bureau, LLC, and, as such, was likely to be aware of the

plaintiff's bankruptcy.

The court concludes that Greene is not entitled to an award of sanctions under 28 U.S.C. §1927.

### D.  11 U.S.C. §105(a)

Bankruptcy Code §105(a) authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Such powers have been held to include the power to sanction attorneys for conduct constituting an abuse of process. In awarding sanctions under §105(a), courts generally require a showing, as under 28 U.S.C. §1927, of bad faith. See, e.g. 680 Fifth Ave. Associates v. EGI Company Services Inc. (In re 680 Fifth Ave. Associates), 218 B.R. 305, 324 (Bankr. S.D.N.Y. 1998) (imposition of sanctions pursuant to the court's inherent power under §105(a) requires "a particularized showing of bad faith"). Having concluded that the evidence does not support such a finding, supra Part III.C., the court declines to sanction the respondent pursuant to its powers under §105(a).

### IV.

### CONCLUSION

In accordance with the foregoing discussion, the court concludes that Greene's motion for sanctions against the respondent pursuant to Fed. R. Bankr. P. 9011, 28 U.S.C. §1924, or 11 U.S.C. §105(a) be denied.

Dated at Hartford, Connecticut this 2⁹ day of June, 2007.

ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

7